UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM A SCANLAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-01643-TWP-DML ) |
| MARION COUNTY COMMUNITY CORR, DUVALL RESIDENTIAL WORK RELEASE CENTER, MR BROOKS Officer, CARLTON Officer, | ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff William Scanlan, an inmate at the Marion County Jail II, brings this action alleging that, when he was housed at the Duvall Residential Work Release Center, officers Brooks and Carlton exercised excessive force against him causing him serious injuries.

**The Screening Requirement**

Because Scanlan is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations

omitted). Pro se complaints such as that filed by Scanlan, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Scanlan alleges that on March 23, 2017, Brooks and Carlton handcuffed him and beat him. This claim **shall proceed** as a claim that these defendants exercised excessive force against him in violation of his Eighth Amendment rights.

### Further Proceedings

In summary, Scanlan's Eighth Amendment claim against Brooks and Carlton **shall proceed**. He has not raised any claims against Marion County Community Corrections or the Duval Residential Work Release Center. Those defendants shall be **terminated** on the docket. If Scanlan believes he has raised a claim in his complaint that is not addressed in this Entry, he shall have **through August 7, 2017**, to notify the Court.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Brooks and Carlton in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 7/5/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Scanlan
983610
Marion County Jail II
730 East Washington Street
Indianapolis, IN
46202

Mr. Brooks  
Duvall Residential Center  
1848 Ludlow Ave  
Indianapolis, IN 46201

Officer Carlton  
Duvall Residential Center  
1848 Ludlow Ave  
Indianapolis, IN 46201